# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2161-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

       Plaintiff-Respondent,

v.

D.L.M.,

       Defendant-Appellant,

and

J.E.D. (deceased),

       Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF
T.J.M., a minor.

_____

Submitted December 16, 2021 – Decided December 23, 2021

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0133-20.

Joseph E. Krakora, Public Defender, attorney for appellant (Caitlin A. McLaughlin, Designated Counsel, on the briefs).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Sara M. Gregory, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith, Alexis Pollock, Deputy Public Defender, of counsel; Todd Wilson, Designated Counsel, on the brief).

PER CURIAM

Defendant D.L.M.[1] is the biological mother of T.J.M.,[2] born in February 2019. Defendant appeals from the March 18, 2021 judgment of guardianship terminating her parental rights to the child. Defendant contends the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

---

[1] We refer to the parties and the child by initials to protect their privacy. R. 1:38-3(d)(12).

[2] T.J.M.'s biological father, J.E.D., passed away in August 2019.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Bernadette N. DeCastro in her thorough written decision rendered on March 18, 2021.

We will not recite in detail the history of the Division's interactions with defendant and the child. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge DeCastro's decision. We add the following brief comments.

At birth, T.J.M. tested positive for phencyclidine (PCP). Defendant admitted using this drug for the past ten years, including the day before she gave birth to the child. Hospital staff treated T.J.M. in the NICU as he went through withdrawal, and the Division removed the child from defendant's custody when the hospital discharged him a month later. The Division placed T.J.M. with his two resource parents, who have cared for him since March 2019. The child has thrived in that placement and the resource parents wish to adopt him.

After the removal, the Division offered defendant numerous services to help her reunite with her child. But defendant failed to engage or take any

meaningful steps to address the long-standing problems that prevented her from safely parenting T.J.M.

Dr. Elizabeth Stilwell, the Division's expert in psychology, conducted a bonding evaluation between T.J.M. and defendant. Dr. Stilwell found that the child had "a familiarity" with defendant but had no significant bond with her. On the other hand, T.J.M. had "a secure, healthy attachment" to his resource parents. Dr. Stilwell opined that T.J.M. would suffer significant and enduring harm if his relationship with the resource parents was severed.

Defendant declined to complete any psychological tests. Dr. Stilwell concluded defendant's long history of substance abuse prevented her from providing T.J.M. with adequate care and supervision, and that her capacity to do so would not likely improve in the foreseeable future.

Defendant testified at trial. She did not present any expert witnesses to contradict Dr. Stilwell's opinions.

In her thoughtful decision, Judge DeCastro reviewed the evidence presented at trial and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendant's parental rights was in T.J.M.'s best interests. In this appeal, our review of the trial judge's decision is limited. We

4

defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 278-79 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge DeCastro's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable. Children are entitled to a permanent, safe and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." N.J. Div. of Youth & Fam. Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to promote the child's well-being." Ibid. (citing N.J.S.A. 30:4C-11.1). That is because "[a] child cannot be held prisoner of the rights of others, even those of his or her parents. Children have their own rights, including the right to a permanent, safe and stable placement." Ibid.

The question then is "whether the parent can become fit in time to meet the needs of the children." N.J. Div. of Youth & Fam. Servs. v. F.M., 375 N.J. Super. 235, 263 (App. Div. 2005); see also N.J. Div. of Youth & Fam. Servs. v. P.P., 180 N.J. 494, 512 (2004) (indicating that even if a parent is trying to change, a child cannot wait indefinitely). After carefully considering the evidence, Judge DeCastro reasonably determined that defendant was unable to parent T.J.M. and would not be able to do so for the foreseeable future. Under those circumstances, we agree with the judge that any further delay of permanent placement would not be in the child's best interests.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2161-20